UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CR-105-3F

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| LOUIS TYSON, JR., | ) | |
| Defendant. | ) | |

This matter is before the court upon the Government's Appeal of the Magistrate Judge's Order [DE-90] denying Government's Motion for Pretrial Detention [DE-23]. Although neither Defendant nor the Government seeks to introduce additional evidence, the Government has filed a memorandum asserting the basis for the appeal of the Magistrate Judge's Order allowing Defendant's release. The court has obtained the recording made of the detention hearing and has conducted a *de novo* review thereof.

## I. DISCUSSION

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141, *et seq.*, establishes a two step procedure for determining whether a defendant should be detained. First, when the defendant has been charged with an offense for which Congress has determined that detention is warranted, the Government is entitled to move for detention, and the defendant is entitled to a hearing. *See* 18 U.S.C. § 3142(f)(1). The Government or the judicial officer on his or her own motion also may move for detention when the case involves a serious risk that the defendant will flee or that the defendant will obstruct or attempt to obstruct justice. *Id.* § 3142(f)(2). Second, the judicial officer must conduct a hearing in order to determine whether any condition or combination of conditions adequately will ensure the

appearance of the defendant and the safety of the community against any danger posed by pretrial release. *See United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

Where the offense charged is one for which a maximum term of imprisonment of ten years or more is prescribed in the specified federal drug trafficking or gun use statutes, it is presumed, subject to rebuttal, that no condition or combination of conditions will reasonably assure the safety of the community, and that the defendant must be detained pending trial. In order to rebut the presumption, the defendant must produce "some evidence" to the contrary. *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985), *abrogated on other grounds, United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990). In other words, the defendant bears the burden of producing probative, credible evidence to rebut the presumption and support his contention that he will appear in federal court when required and that he does not pose a danger to the safety of the community.

The § 3142(e) presumption imposes on the defendant only the burden of *production* of proof. It does not also shift to him the ultimate burden of persuasion concerning the risk of flight and danger to community safety. Rather, the Government at all times retains the burden of persuasion. *See United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990). Upon the defendant's introduction of evidence in support of his release, the statutory presumption in favor of detention does not vanish, but retains evidentiary weight and remains as one factor to be considered. The Court may take into consideration the legislative finding by Congress that persons who commit drug-trafficking offenses pose a special risk of flight and a special danger to the safety of the community. *See United States v. Hare*, 873 F.2d 796, 798-99 (5th Cir. 1989).

Here, on August 24, 2011, Defendant was charged in counts one, two, three, five and seven of a seven count indictment. Count one charges Defendant with conspiracy to possess with the intent

to distribute two hundred eighty (280) grams or more of cocaine base (crack) and a quantity of cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. Counts two, three, and five each charge Defendant with distributing a quantity of cocaine base (crack) and aiding and abetting another in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Count seven charges Defendant with possession with intent to distribute twenty-eight (28) grams or more of cocaine base (crack) and aiding and abetting another in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. All counts of the indictment in which Defendant is charged carry a maximum penalty greater than ten years, thereby invoking the statute creating the statutory rebuttable presumption of detention. Furthermore, Defendant has not refuted that the presumption applies, and the indictment itself is sufficient to support a finding of probable cause triggering the § 3142(e) rebuttable presumption. *See, e.g., United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991); *United States v. Stricklin*, 932 F.2d 1353 (10th Cir. 1991).

The court has listened to the digital recording of the detention hearing conducted by United States Magistrate Judge Robert B. Jones on September 13, 2011. Based on the court's independent review of the record herein and of the contemporaneous recording of the detention hearing, the court finds that Defendant has failed to present sufficient evidence to rebut the presumption, referenced above and set forth in 18 U.S.C. § 3142(e), that:

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the ... safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

Defendant, in support of his position that pretrial release is appropriate, has provided that his mother, Earla Davis ("Davis"), agreed to serve as a third-party custodian if he is released pending trial. Davis is 68 years old and is currently a certified nursing assistant in Wilmington, North Carolina.

3

At the detention hearing, Davis testified that she currently resides with her husband Vernon Davis, who does not object to Davis serving as a third-party custodian to Defendant. Moreover, Davis testified that she fully understands the responsibilities that she would be bestowed with should the court allow her to serve as a third-party custodian. In addition, Davis exhibited a willingness to enforce the conditions of Defendant's pretrial release.

During cross-examination, the Government questioned Davis about her other son, Rodney Tyson ("Rodney"). Specifically, the Government asked whether Rodney lived with Davis while he was on supervised release for another crime. Davis responded in the affirmative. The Government also asked whether Davis was aware that the current federal offenses to which Rodney has been charged occurred while living with her. Davis responded that she did not know that Rodney committed any crimes while he lived with her, but is now aware that he has been charged with these federal offenses. Moreover, the Government highlighted that Davis was suffering from anxiety which might hamper her ability to serve as a third-party custodian. Davis also conceded that Defendant has concealed his involvement in illegal drug activities to her in the past. Davis further stated that Defendant did not have lawful employment and that his only source of income was the social security payments he received due to his disability. Davis claimed that Defendant was suffering from schizophrenia, and to her knowledge, he did not take any medication for treatment. However, Davis also added that she had not known Defendant to get violent based on this condition. When asked regarding Defendant's residence, Davis claimed that Defendant resided with his girlfriend and did not have his own residence.

Based on this testimony and relevant evidence gathered in this case, the Government argued that Davis is not fit to serve as a third-party custodian and Defendant poses a risk of flight and danger to the community. Defendant countered by contending that despite his schizophrenia and lack of

income from lawful employment, he has been a law abiding citizen until being charged with the current federal offenses. Furthermore, Defendant argued that he played a relatively minor role in the drug conspiracy as he was an "errand boy" and therefore, with his co-defendants in custody, the chances of him committing another criminal offense would be unlikely.

The court, in determining whether the defendant has rebutted the presumptions of dangerousness and flight, considers (1) the nature and circumstances of the crime charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including family ties, employment, community ties, past conduct; and (4) the nature and seriousness of the danger to the community or to an individual. *See* 18 U.S.C. § 3142(g); *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001). Here, nature and circumstances of the offenses for which Defendant has been charged consist of a large scale drug conspiracy which involved a number of co-defendants, some of which were his family members. Second, the court, upon review, finds that the Government's evidence against Defendant is relatively strong. The Government presented a factual summary of the evidence in this case which indicated that Defendant was part of a drug conspiracy, in which he bagged and distributed cocaine base (crack) on several occasions from on or about June 8, 2011 - June 29, 2011. Defendant had no objections to the Government's factual summary. Third, the court, in considering Defendant's personal history and characteristics, is concerned with his past crimes of violence, although these crimes were committed before 2001. Moreover, Defendant has not had lawful employment since 2004 and Defendant's only source of income is through the disability benefits that he receives through social security. Furthermore, Defendant is not married, does not have his own residence, and does not own any assets. Fourth, in examining the nature and seriousness of the danger to the community, as previously noted, the court is well within its discretion to take into consideration the legislative finding by Congress that

persons who commit drug-trafficking offenses pose a special risk of flight and a special danger to the safety of the community. *See Hare,* 873 F.2d at 798-99 (5th Cir. 1989). Here, again, Defendant has been charged with multiple counts of trafficking large quantities of cocaine base (crack).

Taking all these factors into consideration, the court agrees with the Government that Defendant has failed to rebut the presumption that he is a risk of flight and presents a danger to his community if released pending trial. The court is also unconvinced that the third-party custodial arrangement as dictated by the Magistrate Judge's Order will resolve the court's concerns of flight and danger to the community in light of the nature of the charges faced by Defendant, his mental illness, and his lack of income, assets, and personal residence. There appears to be no set of conditions of release that reasonably will mitigate the risk of flight and assure the safety of the community pending trial. Therefore, the Magistrate Judge's Order Setting Conditions of Release [DE-83] is VACATED, and Defendant is ORDERED to remain in custody pending his trial on the federal charges against him.

It is further ORDERED that Defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal. It is further ORDERED that Defendant shall be afforded reasonable opportunity for private consultation with his attorney, and that, on order of the court or on request of an attorney of the Government, the superintendent of the corrections facility in which Defendant is held pending trial shall deliver him for the purpose of an appearance in connection with court proceedings.

## II. CONCLUSION

Accordingly, the Government's Appeal of the Magistrate Judge's Order [DE-90] is ALLOWED. The Magistrate Judge's Order Setting Conditions of Release [DE-83] is VACATED,

and Defendant is ORDERED to remain in custody pending his trial on the federal charges against him.

SO ORDERED.

This the 23rd day of September, 2011.

*[signature]*
JAMES C. FOX
Senior United States District Judge